## BURROUGHS v. ERHARDT.

### (Circuit Court of Appeals, Second Circuit. June 24, 1898.)

### No. 104.

CUSTOMS DUTIES—MONEY DEPOSITED WITH COLLECTOR—RECOVERY BACK.

Money deposited with the collector as security (additional to that of the importer's bonds) for payment of duties assessed, and actually applied to the payment of duties, cannot be recovered back, in the absence of a protest, even if the duties were wrongfully assessed.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error sued out by the administratrix of plaintiff below to review a judgment of the circuit court, Southern district of New York, in favor of defendant below, the collector of the port of New York, upon a verdict directed in his favor by the circuit judge.

C. B. Barker, for plaintiff in error.

Arthur M. King, Asst. U. S. Atty., for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. It is practically not disputed that if the $6,000 in controversy was deposited with the collector to secure the payment of duties assessed upon plaintiff's merchandise, even though such duties may have been wrongly so assessed, it cannot be recovered back, since no protest was filed. The difficulty with the case is that, even upon the plaintiff's own evidence, this is precisely the purpose for which the deposit was made. Plaintiff testifies that it was deposited because the government officers "did not consider [his] bonds were sufficient to protect the government; they wanted additional security." The amended complaint avers that the deposit was made "as a guaranty of good faith in making entries for warehouse," and "as security to the United States against any loss in case the warehouse bonds were not sufficient to cover all the lumber." But the only object of the warehouse bond is to protect the government against failure to pay duties; the only possible loss consequent upon insufficient bonds would be a loss of duties. The bond is security placed in the hands of the government, from which, in the event of the importer's failure to pay duties assessed upon his goods, such payment may be obtained. The $6,000 in gold was manifestly deposited for a like purpose. We are unable to conceive of any theory upon which, assuming plaintiff's statements to be entirely accurate, a single dollar of it was to be paid for anything except duties. It was used up (except for the small balance returned) in making payments of duties assessed against plaintiff's goods, and, in the absence of any protest against the exaction of such duties, cannot be recovered back.